IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | Case No. 1:20-CR-196-3-AJT |
| **CARLOS JOSE TURICIOS VILLATORO**, | |
| Defendant. | |

## MOTION IN LIMINE TO EXCLUDE REFERENCE TO MINOR 2 AS "VICTIM"

Jose Villatoro is charged with assault. The other 10 defendants are charged with a sex trafficking conspiracy.

At trial, the government should not refer to Minor 2 (or anyone) as a "victim." Using that term violates Rule 403 and invades the province of the jury to decide whether there is, in fact, a victim. Here are the reasons why.

1. "Victim" is defined in Black's Law Dictionary, 5th Ed. (1979), as "[t]he person who is the object of a crime."[1] Accordingly, referring to Minor 2 as a "victim" necessarily implies that a crime has occurred, which presupposes Mr. Villatoro's guilt.

2. Our subconscious and unconscious minds affect our behavior and experience, even though we may be unaware of these underlying influences. The loaded and unnecessary reference to Minor 2 as a "victim" may have a subconscious effect on a jury, undermining Mr. Villatoro's presumption of innocence.

3. The statute under which Mr. Villatoro is charged, 18 U.S.C. § 1959, never uses the term

---

[1] Similarly, the Federal Code defines "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." *See* 18 U.S.C. § 3771(e).

"victim." So there is no statutory basis to refer to Minor 2 as a "victim."

4. Indeed, Minor 2 is not and cannot be a "victim" unless and until a jury determines a crime has been committed, following the presentation of the evidence.

5. Moreover, there is no probative value in allowing the government to use the term "victim" to describe Minor 2.

6. The burden of the government should not be alleviated, minimized, or diminished by use of terms that imply the prosecution has met its burden of proof that the alleged crime has actually been committed.

7. Restricting use of the term "victim" does not prevent the government from presenting any of its evidence.

8. Other courts have so held. For instance, just last month, the court in *United States v. Sena*, No. 19-cr-1432, 2021 WL 4129247, at *2 (D. N.M. Sept. 9, 2021), found that the prejudice resulting from "victim" at trial substantially outweighed its probative value and thus ordered the government and its witnesses not to refer to their witness as a "victim." *See also United States v. Ehrens*, No. 15-cr-200-C, 2015 WL 7758544, at *2 (W.D. Okla. Dec. 1, 2015) (considering a similar motion and finding that there was "no need by any party to refer to [the alleged victim] by any particular descriptor other than her name"); *see generally State v. Cortes*, 851 A.2d 1230, 1239-40 (Conn. App. Ct. 2004), *aff'd*, 885 A.2d 153 (Conn. 2005) (holding that jury charges using the term "victim" violated a defendant's due process right to a fair trial).

In sum, "victim" is a premature, irrelevant, and prejudicial term. Allowing the

government to label Minor 2 as a victim at the outset of trial carries the risk of improperly influencing the jury's decision. The Court should direct the government to refrain from referencing Minor 2 as a "victim."

Thank you,

CARLOS JOSE TURICIOS VILLATORO
By Counsel

By:

/s/ *[signature]*

Elizabeth L. Van Pelt
*Virginia Bar No. 82750*
*Delaware Bar No. 6117*
*District of Columbia Bar No. 1615865*
libbey@libbeyvanpeltlaw.com
LIBBEY VAN PELT LAW, PLLC
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
(571) 356-9066

3

## CERTIFICATE OF SERVICE

I certify that on October 14, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sends a notification of filing (NEF) to all counsel of record.

/s/ *[signature]*
Elizabeth L. Van Pelt