IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:20-cr-196-3-AJT |
| **CARLOS JOSE TURICIOS VILLATORO**, | |
| Defendant. | |

**POSITION ON PROPOSED SEVERANCE, TRANSFER, AND CONSOLIDATION**

Mr. Villatoro objects to the proposed severance, transfer, and consolidation. First, it's premature at this time, because Mr. Villatoro does not have the relevant information to properly assess the issue. Second, it would (continue to) violate his right to a speedy trial. Third, it only minimally enhances judicial efficiency, which is the point of consolidation.

Background

18 months ago, Mr. Villatoro was charged, in this case, with two MS-13-related VICAR assaults, which allegedly occurred in 2018. His trial has been much delayed, over his objections, but is currently set for June 1, 2022.

Last month, Mr. Villatoro was charged with a 2019 double murder; the charges include an MS-13-related racketeering conspiracy spanning from 2017 to 2020.[1]

An astute observer of this situation, such as Mr. Villatoro, wonders: why don't we just try these cases together? But further consideration counsels against the scissors and superglue, at least right now.

The other case is a capital case, which is the most serious matter a court can handle. The

---

[1] *See* 1:20-cr-260-6-LMB.

Court should not move quickly to consolidate before we all (not just the government) have the relevant information to assess the issue, so as to protect Mr. Villatoro's rights and arrive at a just result.

<u>Rule on Consolidation</u>

Rule 13 permits the Court to order "that separate cases be tried together . . . if all offenses and all defendants could have been joined in a single indictment." Thus, as a threshold matter, all offenses (Rule 8(a)) and all defendants (Rule 8(b)) must have been able to be properly joined in the first place. In this case, Rule 8(b) applies.[2]

<u>This Case Is Already Misjoined</u>

As an aside, counsel realizes the instant case is already misjoined, in violation of Rule 8(b). (The Court denied Mr. Villatoro's severance request, reconsidered it, and then denied it again. Mr. Villatoro does not seek to rehash old ground.[3])

But actually, severance isn't permissive under Rule 14. It's required, because Counts 1 and 2 are misjoined in the first place, in violation of Rule 8(b).

Here, the indictment alleges two sets of crimes: VICAR Assault and Sex Trafficking. The indictment alleges that only two defendants, the VICAR Assault defendants—Sioni Gonzalez

---

[2] "When two or more defendants are joined, Rule 8(a) is applicable, and it is necessary to look to the somewhat different standards contained in Rule 8(b)." *United States v. Moriarty*, 32 7F. Supp. 1045, 1048 (E.D. Wis. 1971) (citing *United States v. Welsh*, 15 F.R.D. 189, 190 (D.C. 1953) ("Rule 8(a) . . . does not apply to cases in which two or more defendants are joined in the same indictment. Such joinder is governed by Rule 8(b).")).

[3] But he didn't argue misjoinder. He specifically raises the issue now to preserve it for appeal, should Mr. Villatoro be convicted.

and Jose Villatoro—were "members and associates" of MS-13. ¶ 1. (Though the other defendants are Hispanic.)

Importantly, there is no MS-13 RICO conspiracy alleged. The commonalities between the two sets of crimes are: the alleged victim and Gonzalez. But that is not enough to properly join Jose Villatoro in this indictment, particularly where Mr. Villatoro didn't know the other nine defendants and is not alleged to have any involvement in the purported sex trafficking. Again, the only connection between Mr. Villatoro and the other nine defendants is their alleged victimization of Minor 2, on different dates, with a common third defendant—Gonzalez.

*United States v. Whitehead*, 539 F.2d 1023, 1026 (4th Cir. 1976), controls:

> Where the only nexus between two defendants joined for trial is their participation in similar offenses, on different dates, with common third defendant, the "same transaction" or "series of transaction" test of Rule 8(b) is not satisfied and joinder is impermissible.

Indeed, "it is only where there is a connection among all defendants that the decision of the trial judge on motions for severance or for a new trial is not to be interfered with in the absence of an abuse of discretion." *Id.* at 1025-26 (citing *Ingram v. United States*, 272 F.2d 567, 570 (4th Cir. 1959)) (emphasis added). Here, without an overarching conspiracy, or alleged MS-13 connection between Mr. Villatoro and the defendants accused of the sex trafficking offenses, or some other alleged common scheme between them, joinder is improper.

In the words of the First Circuit:

> Rule 8(b) is not to be implemented by Rule 8(a). For example, a single defendant, A, may be charged in one indictment with acts X, Y, and Z, simply because they are similar offenses. Or he might be charged in one indictment with defendant B for offense Z if it were a joint offense. This fact, however, does not automatically

3

mean that B can be joined with A as to offenses X and Y.[4]

That is precisely the situation here. If you swap out X, Y, Z, A, and B for the particulars of this case, the logic prevails:

> Rule 8(b) is not to be implemented by Rule 8(a). For example, a single defendant, Gonzalez, may be charged in one indictment with acts Conspiracy to Commit Sex Trafficking, Sex Trafficking, and VICAR Assault, simply because they are similar offenses. Or he might be charged in one indictment with defendant Villatoro for offense VICAR Assault if it were a joint offense. This fact, however, does not automatically mean that Villatoro can be joined with Gonzalez as to offenses Conspiracy to Commit Sex Trafficking and Sex Trafficking.

In sum, the charges against Mr. Villatoro and the other nine defendants are not part of the same overall scheme in which each participated.[5]

Consolidation Not Proper if Prejudicial

Regardless, Rule 13 only *permits* consolidation, where it would result in a conservation of judicial resources. Because other considerations are also relevant to a decision on consolidation, the wording of the rules is permissive; all offenses that could be tried together thereunder should not be.

Other considerations include the Speedy Trial Act. Mr. Villatoro has already waited 22 months for this trial; why should he have to wait years more, just because the government brought another case 18 months later?

Yet other considerations cannot be assessed in this moment, until the government produces some discovery; but consolidation may prejudice Mr. Villatoro in any number of ways,

---

[4] *King v. United States*, 355 F.2d 700, 704-05 (1st Cir. 1966).

[5] Indeed, as Mr. Villatoro continues to point out, they didn't even know each other.

impossible to tell now. For instance, he may be confounded in presenting separate defenses (e.g., he wants to testify in one but not the other), or there are prejudicial co-defendant statements, or the jury will be unable to keep evidence of one crime distinct from evidence of the other, or the jury is engendered with a latent feeling of hostility for some particular reason.

<u>Mr. Villatoro Needs Some Information to Intelligently Take a Position</u>

It is unclear if Mr. Villatoro could have, should have, can still be, and should still be, joined with the other 11 defendants in the capital case, because the government hasn't produced anything in the case, other than the indictment, despite a grand jury indicting over a month ago.[6] The analysis requires an application of the facts to the law. It is difficult for counsel to do that without facts.

Looking only at the factual allegations in both indictments, and accepting them as true, can the Court decide that joinder is proper? Importantly, it seems that Rule 8(b) is not satisfied, because one cannot say that there is common activity involving all defendants that embraces each charged offense, even though every defendant need not have participated in or be charged with each offense. *See United States v. Bledsoe*, 674 F.2d 647, 656-57 (8th Cir. 1982) (holding that Rule 8(b) requires that "there be some common activity involving all the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with each offense. <u>In order to be part of the 'same series of acts or transactions,' acts must be part of one overall scheme about which all joined defendants knew and in which they all</u>

---

[6] Indeed, it has refused to provide even the affidavit in support of the criminal complaint charging a co-defendant, insisting that it "could frustrate an aspect of an ongoing investigation."

participated.") (citations omitted) (emphasis added).

We should not rush to judgment. The government has indicted the capital case as a death case, laying out special findings on five counts against him. The government says it is still deciding and has no timetable for such a decision. As courts have recognized for decades, "death is different."[7] For that reason, courts treat capital offense procedure differently by giving more institutional protections to defendants.[8] Indeed, the state of Louisiana *prohibits* capital offenses from being tried with non-capital offenses. A DOJ attorney argued last year that the rule should be adopted in federal courts, too, as a measure of fundamental fairness.[9]

The point is: Rules 8, 13, and 14—governing joinder, severance, and consolidation—promote judicial efficiency but also, more importantly, serve as a procedural safeguard against prejudice. Nowhere is this safeguard more necessary than in capital cases. At the very least, the Court should not rush to sever, transfer, and consolidate these separate indictments without giving itself and Mr. Villatoro the benefit of initial discovery in the capital case. The Court should err on the side of seeking to protect Mr. Villatoro, a capital defendant who may suffer the most

---

[7] *See, e.g.*, *Reid v. Covert*, 354 U.S. 1, 45-46 (1957) (Frankfurter, J., concurring) ("It is in capital cases especially that the balance of conflicting interests must be weighed most heavily in favor of the procedural safeguards of the Bill of Rights.").

[8] Including in the contexts of joinder, severance, and consolidation. For instance, Judge Brinkema, in Mr. Villatoro's other case, sua sponte expressed an inclination to sever the capital defendants from the non-capital defendants. This inclination is illustrative of the increased scrutiny due to cases where the defendant is eligible for the death penalty.

[9] Milton J. Hernandez IV, *Missing the Misjoinder Mark: Improving Criminal Joinder of Offenses in Capital-Sentencing Jurisdictions*, 111 J. CRIM. L. & CRIMINOLOGY 651 (2021).

drastic effects of potential biases by the consolidation.[10]

<u>Delaying Mr. Villatoro's Trial by More Years Would Eviscerate His Speedy Trial Rights</u>

A speedy trial is important to Mr. Villatoro. He's already been forced to wait 22 months for a trial. Severing Mr. Villatoro from this 11-defendant case, transferring it to another judge, and consolidating it with the capital murder case before that judge would serve to delay Mr. Villatoro's day in court for *years* more. Indeed, because the government is still deciding on the death penalty, there is no trial date in sight.

Severance, transfer, and consolidation cannot be reconciled with the Speedy Trial Act and the constitutional right to a speedy trial. Again, Mr. Villatoro seeks not to rehash old ground, but we return to the ends-of-justice continuance in the Act. 18 U.S.C. § 3161(h)(7)(A). Here are the factors, "among others," to be considered[11]:

1. "Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice."
    a. No. Does not support further delay.

2. "Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section."
    a. No. Does not support further delay.

---

[10] *See also* ABA Criminal Justice Section Standards 13.4-1, 13.4-2, Joinder and Severance, Part IV (Authority of the Court), available at https://www.americanbar.org/groups/criminal_justice/publications/criminal_justice_section_archive/crimjust_standards_joinsev_blk/#3.2. Interestingly, these standards were revised to specifically limit the Court's authority to consolidate (but not sever) cases sua sponte where no party objects, because, it reasoned, the parties are better able than courts to foresee the risks of prejudice from such a consolidation.

[11] *See* § 3161(h)(7)(B).

3. Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
    a. No. Does not support further delay.

4. Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.
    a. No. Does not support further delay.[12]

So Mr. Villatoro sees no basis in the Act for further delay of his trial. Moreover, regardless of the dictates of the Speedy Trial Act, unique cases exist where though the Act is followed, the Constitution is violated. Indeed, it is difficult, particularly under the facts of this case and its procedural history to date[13], to conceive how a trial four years post-indictment is "speedy" in the Constitutional sense of the word.

Practical Considerations

The rules on joinder and consolidation serve judicial efficiency. But here, it would only marginally advance that cause. After all, the Court will be holding a trial on June 1, 2022, as to nine of the other defendants.[14] Mr. Villatoro could be included, too.

---

[12] Additionally, 18 U.S.C. § 3161(h)(7)(C) provides, "[n]o continuance . . . shall be granted because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government."

[13] *See, e.g.*, ECF #176 (motion to dismiss indictment on speedy trial grounds).

[14] One pleaded guilty.

## Conclusion

In sum, Mr. Villatoro wants a speedy trial and a fair trial.[15] He objects to rushing to lop off Counts 1 and 2 in this case and transfer them to another judge to be pasted together with the capital murder case. First, it's premature, and Mr. Villatoro can't intelligently apply the facts to the law, because the government has given him nothing regarding the murder case. Second, it would further violate his statutory and constitutional speedy trial acts. Third, for what? The Court is holding a trial on June 1, 2022, regardless, and Mr. Villatoro would like to attend.

        Thank you,

        CARLOS JOSE TURICIOS VILLATORO
        By Counsel

By:

/s/ *[signature]*
Elizabeth L. Van Pelt
*Virginia Bar No. 82750*
*Delaware Bar No. 6117*
*District of Columbia Bar No. 1615865*
libbey@libbeyvanpeltlaw.com
LIBBEY VAN PELT LAW, PLLC
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
(571) 356-9066

---

[15] As the Constitution affords.

## CERTIFICATE OF SERVICE

I certify that on February 7, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sends a notification of filing (NEF) to all counsel of record.

/s/ *[signature]*
Elizabeth L. Van Pelt