# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:20-CR-196-3-AJT |
| **CARLOS JOSE TURICIOS VILLATORO**, | |
| Defendant. | |

## MOTION TO SEVER DUE TO MISJOINDER

The Court denied Mr. Villatoro's severance request, reconsidered it, and then denied it again. Mr. Villatoro does not seek to rehash old ground.

But severance isn't permissive under Rule 14. It's required, because Counts 1 and 2 are misjoined in the first place, in violation of Rule 8(b).

Here, the indictment alleges two sets of crimes: VICAR Assault and Sex Trafficking. The indictment alleges that only two defendants, the VICAR Assault defendants—Sioni Gonzalez and Jose Villatoro—were "members and associates" of MS-13. ¶ 1.

Importantly, there is no MS-13 RICO conspiracy alleged. The commonality between the two sets of crimes is: the alleged victim and Gonzalez. But that is not enough to properly join Mr. Villatoro in this indictment, particularly when he didn't know the other nine defendants and is not alleged to have any involvement in, or knowledge of, the purported sex trafficking.

*United States v. Whitehead*, 539 F.2d 1023, 1026 (4th Cir. 1976), controls:

> Where the only nexus between two defendants joined for trial is their participation in similar offenses, on different dates, with common third defendant, the "same transaction" or "series of transaction" test of Rule 8(b) is not satisfied and joinder is impermissible.

Indeed, "it is only <u>where there is a connection among all defendants</u> that the decision of

the trial judge on motions for severance or for a new trial is not to be interfered with in the absence of an abuse of discretion." *Id.* at 1025-26 (citing *Ingram v. United States*, 272 F.2d 567, 570 (4th Cir. 1959)) (emphasis added). Here, without an overarching conspiracy, or some other alleged common scheme between Mr. Villatoro and the defendants accused of the sex trafficking offenses, contained within the indictment, joinder is improper.

In the words of the First Circuit:

> Rule 8(b) is not to be implemented by Rule 8(a). For example, a single defendant, A, may be charged in one indictment with acts X, Y, and Z, simply because they are similar offenses. Or he might be charged in one indictment with defendant B for offense Z if it were a joint offense. This fact, however, does not automatically mean that B can be joined with A as to offenses X and Y.

*King v. United States*, 355 F.2d 700, 704-05 (1st Cir. 1966).

That is precisely the situation here. If you swap out X, Y, Z, A, and B for the particulars of this case, the logic is clear:

> Rule 8(b) is not to be implemented by Rule 8(a). For example, a single defendant, Gonzalez, may be charged in one indictment with acts Conspiracy to Commit Sex Trafficking, Sex Trafficking, and VICAR Assault, simply because they are similar offenses. Or he might be charged in one indictment with defendant Jose Villatoro for offense VICAR Assault if it were a joint offense. This fact, however, does not automatically mean that Jose Villatoro can be joined with Gonzalez as to offenses Conspiracy to Commit Sex Trafficking and Sex Trafficking.

In sum, the charges against Mr. Villatoro and the other nine defendants are not part of the same overall scheme in which each participated.[1] For these reasons, Mr. Villatoro is improperly joined in this indictment.[2]

---

[1] Indeed, they didn't even know each other.

[2] The Court should sever his case and trial. Alternatively, the Court could sever Counts 1 and 2.

Finally, even if the Court doesn't agree on the misjoinder front, it must, at least, agree that it is a tenuous joinder. Which strengthens the case for permissive severance, under Rule 14, because it implicates the animating concerns in that context. The jury is going to hear all manner of irrelevant and prejudicial evidence that doesn't concern him. On this front, Mr. Villatoro incorporates his previous briefing from the last two times the Court considered severance. *See* ECF #142, #150, #206.

Thank you,

CARLOS JOSE TURICIOS VILLATORO
By Counsel

By:

/s/ *[signature]*

Elizabeth L. Van Pelt
*Virginia Bar No. 82750*
*Delaware Bar No. 6117*
*District of Columbia Bar No. 1615865*
libbey@libbeyvanpeltlaw.com
LIBBEY VAN PELT LAW, PLLC
3033 Wilson Boulevard, Suite 700
Arlington, VA 22201
(571) 356-9066

## **CERTIFICATE OF SERVICE**

I certify that on March 31, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sends a notification of filing (NEF) to all counsel of record.

/s/ *[signature]*
Elizabeth L. Van Pelt